United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Chunmei Liang, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23625-Civ-Scola |
| Attorney General of the Unites | ) |
| States, William Barr, and others, | ) |
| Defendants. | ) |

### Order Granting Motion to Dismiss

    In her complaint, Plaintiff Chunmei Liang objects to the Defendant Government's delay in processing her form I-485 application for adjustment of status, filed in 2015. (Compl., ECF No. 1.) Through this action, Liang "seeks to compel the Defendants . . . to take all appropriate action to adjudicate [her] application . . . without further delay." (*Id.* at 2.) In response, the Government has filed a motion to dismiss, submitting Liang's case is now moot because, about two months after she filed her complaint, USCIS adjudicated Liang's application, albeit in the form of a denial. (Defs.' Mot., ECF No. 9.) In response, Liang argues her complaint is not moot because the Government's denial of her application violated her due-process rights as well as the Administrative Procedures Act and the Immigration and Nationality Act. (Pl.'s Resp., ECF No. 10.) The Government has timely replied, pointing out procedural and substantive defects in Liang's position. (Defs.' Reply, ECF No. 11.) After careful review, the Court agrees with the Government that Liang's case is now moot and, therefore, **grants** the Government's motion (**ECF No. 11**).

### 1. Background[1]

    Liang entered the United States on a non-immigrant B-1 Visa on October 3, 2006. (Compl. ¶¶ 1, 20.) That Visa expired on September 14, 2007 but Liang nonetheless remained in the country. (*Id.*, Ex. B, Visa, ECF No. 1-1, 3; Defs.'

---

[1] The Court generally accepts the complaint's factual allegations as true for the purposes of evaluating the Defendants' motions to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The Court has also considered extrinsic documents, supplied by the parties, because the supplied documents are central to Liang's claim and none of the parties challenges their authenticity. *See Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."). Further, where a defendant makes a factual challenge to the Court's subject matter jurisdiction, a district court may consider extrinsic evidence relevant to its jurisdictional determination. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

Mot. ¶ 1.) In April 2015, Liang filed her application for adjustment. (Compl. ¶ 23.) During the pendency of her application, Liang has submitted all the requested documents, had her biometrics taken multiple times, and participated in two interviews with United States Citizenship and Immigration Services, one in November 2015, and one in June 2018. (*Id.* ¶ 25.) During the over five years in which her application has been pending, Liang has repeatedly requested updates and other information about her case. (*Id.* ¶ 29.) Invariably, USCIS's response has been that "the file is in background investigation" or "it is out of our hands and we cannot do anything about it." (*Id.*)

In response to the delay, Liang filed her complaint, alleging violations of the Administrative Procedures Act (count one); seeking mandamus relief (count two); alleging a violation of 8 C.F.R. § 103.2(b)(18) (count three); seeking a declaratory judgment (count four); and alleging violations of her due-process and equal-protection rights (count five). (Compl., ¶¶ 37–51.) Nearly two months after her complaint was filed, on October 27, 2020, USCIS issued its decision, denying Liang's application for adjustment.

### 2. Legal Standard

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1) come in two forms": as either "facial attacks," in which the court merely determines whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction; or as "factual attacks," in which subject-matter jurisdiction is determined on matters "irrespective of the pleadings." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "[W]here a defendant raises a factual attack on subject matter jurisdiction," as here, "the district court may consider extrinsic evidence" relevant to its jurisdictional determination. *Carmichael*, 572 F.3d at 1279. A district court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff. *Id.*

### 3. Discussion

Despite USCIS's having adjudicated Liang's application, Liang insists her case is not moot because, in issuing its decision, USCIS has "fail[ed] to follow its own procedures and violate[d her] due process rights." (Pl.'s Resp. at 2.) In framing her position, Liang recites a host of complaints regarding errors she says USCIS made in denying her application. She argues that "the mere adjudication of her claim does not provide the relief requested" in that she "still maintains a legally cognizable interest in the outcome" and that, therefore, the

Court still retains jurisdiction to hear her claim. (*Id.* at 11, 16.) The court disagrees.

Although jurisdiction is usually determined at filing, after-arising events can affect jurisdiction because the case-or-controversy requirement of Article III, section 2, of the United States constitution persists through all stages of federal judicial proceedings. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (noting "[t]he parties must continue to have a personal stake in the outcome of the lawsuit" and, therefore, the "case-or-controversy requirement subsists through all stages of federal judicial proceedings") (cleaned up). A plaintiff must demonstrate that the "actual injury traceable to the defendant," as set forth in her complaint, will "likely be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) ("Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them . . . .") (cleaned up). And, so, that USCIS issued its decision *after* Liang filed her complaint, does not alter the Court's jurisdictional analysis.

Liang's complaint focuses on USCIS's failure to adjudicate her application. (*E.g.*, Compl. at 1 (describing her lawsuit as the result of USCIS's "failure to adjudicate [her] application for adjustment of status") ("This action seeks to compel [USCIS] to take all appropriate action to adjudicate [her] application . . . without further delay") (complaining USCIS has "improperly withheld action on [her] application for an unreasonable period of time"); ¶ 1 ("USCIS refuses to adjudicate the I-485 application"); ¶ 14 ("the present action . . . is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application"); ¶ 18 ("the present action . . . is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed petition"); ¶ 24 ("USCIS refuses to adjudicate the I-485 application"); ¶ 46 ("The Plaintiff is entitled to action on her long-pending adjustment of status application."); ¶ 48 ("Plaintiff seeks a declaration . . . that Defendants are compelled to adjudicate Plaintiff's . . . application.").) At bottom, the relief Liang seeks revolves around asking the Court to compel USCIS to adjudicate her application. Now that USCIS has issued its decision, the relief Liang seeks, as articulated in her complaint, is moot.

To the extent Liang might be able to argue that her complaint also alleges an additional injury due to just to the delay alone, her allegations show that any such harm would inure only in the event her application was approved. For example, Liang alleges the untimeliness itself is harming her because she "cannot avail herself [of] the rights and privileges of a lawful permanent resident or accumulate time towards eligibility for citizenship" and the "lack of resolution is affecting her ability to expand her business." (Compl. ¶ 26; *see*

*also* ¶ 33 ("the Defendants have effectively denied the Plaintiff the opportunity to become a lawful permanent resident of the United States"); ¶ 36 (Liang "has been deprived of the substantial and unique benefits of residency status").) Because USCIS denied her application, rather than grant it, these allegations cannot establish an active injury.

Further, Liang's attempts to recast her claims, through her response to the Government's motion, as attacks on USCIS's decision itself are also unavailing. In her response, Liang objects to USCIS's decision on several procedural and substantive grounds. In doing so, Liang essentially asks the Court to overturn USCIS's decision or to at least "order USCIS to apply the law as written" and to allow Liang further opportunity to be heard. (Pl.'s Resp. at 16.) This, however, amounts to an impermissible attempt to amend the complaint. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss."). Thus, even if Liang presented a viable claim, in her response, there is no such claim in complaint.

### 4. Conclusion

The Court is sympathetic to Liang's frustration with USCIS's delay and, as she describes it, her devastation as a result of being denied adjustment. But, because USCIS has issued its decision on Liang's application, the injuries she complains of and the relief she seeks, through this action, have been redressed, albeit not in the manner she had hoped. Accordingly, the Court **grants** the Government's motion to dismiss (**ECF No. 9**). Because the dismissal of Liang's case is based on mootness, it is without prejudice, although without leave to amend. *Hood v. Dep't of Children & Families*, 700 F. App'x 988, 990 (11th Cir. 2017) (finding error in a dismissal with prejudice on mootness grounds "since mootness is a jurisdictional ground that does not go to the merits of [a] claim").

The Clerk is directed to **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on March 15, 2021.

_____
Robert N. Scola, Jr.
United States District Judge